IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DEAN H. CHRISTENSEN, <br><br> Plaintiff, <br> v. <br> HARVEY COHEN and DOES 1-10 inclusive, <br><br> Defendants. | REPORT AND RECOMMENDATION <br><br> Case No. 2:19-cv-334 DAK <br><br> District Judge Dale A. Kimball <br><br> Magistrate Judge Dustin B. Pead |

This matter is referred to the undersigned from Judge Dale Kimball pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 12.) Before the Court are three motions. Defendant Harvey Cohen, who is the only named defendant,[1] moves to dismiss for lack of jurisdiction (ECF No. 5) and moves to dismiss for a failure to state a claim for relief. (ECF No. 6.) Plaintiff Dean H. Christensen, who is proceeding pro se, moves the Court to file an Amended Complaint. (ECF No. 13.) The court has carefully reviewed the memoranda submitted by the parties and relevant case law. After doing so, the Court decides that under Local Rule 7-1(f), oral argument is unnecessary and the Court will determine the motions on the basis of the written papers. As set forth below, the undersigned Recommends that this case be dismissed and Plaintiff's motion be denied.

## BACKGROUND

Mr. Christensen filed his Complaint for "extorsion intential infliction of emotions distress" on May 15, 2019. (ECF No. 1.) Plaintiff brings two claims for relief "extorsion" and "intentional inflection of emotional distress." Plaintiff alleges Defendant wrote a letter

---

[1] Plaintiff states Defendants 1-10 "are sued as fictitious names and when the true identities are discovered they will be named." (ECF No. 1.)

threatening him with sanctions unless Plaintiff withdrew his complaint. Plaintiff avers that Defendant "hired a thug who threatened Plaintiff on behalf of each of the defendants" this "hiring of Hit Man has caused emotional distress resulting in insomnia to watch for Hit Man at all times." (ECF No.1 p. 2.)

Defendant Harvey Cohen seeks to dismiss the case for lack of personal jurisdiction (ECF No. 5) and for a failure to state a claim upon which relief may be granted. (ECF No. 6.) Plaintiff has not filed any opposition to the motions. Rather, he has filed a Motion to File an Amended Complaint. (ECF No. 13.) Before turning to the respective motions, the court notes that Mr. Christensen, although acting pro se, has participated in many cases in this district and is more sophisticated and experienced than the average pro se litigant in this Court.[2] In a prior case from 2017 this court stated, "Although Mr. Christensen is acting pro se the Court takes judicial notice that he has been involved in many other suits and is not your average pro se party. Thus the Court declines Mr. Christensen's invitation to give him added deference and protection." *Christensen v. Weatherford*, 2017 WL 992534, at *1 (D. Utah Feb. 3, 2017), report and recommendation adopted, 2017 WL 979000 (D. Utah Mar. 13, 2017). Mr. Christensen has also sought to intervene in another case, which was denied.[3]

## DISCUSSION

Generally, a pro se litigant's filings are construed liberally although the court will not serve as an advocate, constructing arguments and searching the record. *See Garrett v. Selby*

---

[2] *See, e.g., Christensen v. Mallard*, case no. 2:00-cv-313 JTG (D. Utah 2000), *Christensen v. DOI*, case no. 2:03-cv-304 PGC (D. Utah 2003); *Christensen v. Smith et al.* 2:14-cv-784 CW (D. Utah 2014); *Christensen v. Piceance Well Service*, case no. 2:15-cv-272 TS (D. Utah 2015); *In re Christensen*, 2:15-mc-155 RJS (D. Utah 2015); *Christensen v. Weatherford US et al.*, case no. 2:16-cv-170 DB (D. Utah 2016); *Christensen v. Energy Drilling*, 2:16-cv-825 DB (D. Utah 2016); *Christensen v. Norman et al.*, case no. 2:17-cv-1283 RJS (D. Utah 2017); *Christensen v. Norman et al.*, case no. 2:18-cv-715 RJS (D. Utah 2018); and this case *Christensen v. Cohen*, case no. 2:19-cv-334 DAK (D. Utah 2019).

[3] *Pacific Energy and Mining v. Weatherford U.S. Limited Partnership*, case no. 2:14-cv-19 DS (D. Utah 2014).

*Conner Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). In considering a Rule 12(b)(6) motion to dismiss, the court accepts all well-pleaded factual allegations as true and views them in the light most favorable to the plaintiff. *See Beedle v. Wilson*, 422 F.3d 1059, 1063 (10th Cir. 2005). Conclusory allegations need not be accepted. A plaintiff must provide "enough facts to state a claim to relief that is plausible on its face" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and that requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557) (alteration in original). As the Supreme Court specified:

> only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.
> Iqbal, 556 U.S. at 679 (internal citations and quotation marks omitted).

### I. Plaintiff's claim for extortion fails as a matter of law

Plaintiff's first claim for relief is "extorsion." Plaintiff alleges that Defendant "hired a hit man who approached Plaintiff and verbally communicated with Plaintiff." (ECF No. 1, p. 3.) The hit man allegedly threatened Plaintiff with physical harm. Defendant has moved to dismiss this claim on the ground that Utah does not recognize a civil cause of action for extortion. In holding there is no civil cause of action for extortion the Utah Supreme Court has stated:

> Extortion is a crime in Utah, but we have never recognized a corresponding civil claim. *See* Utah Code § 76-6-406. "When a statute makes certain acts unlawful and provides criminal penalties for such acts, but does not specifically provide for a private right of action, we generally will not create such a private right of action." *Youren v. Tintic Sch. Dist.*, 2004 UT App 33, ¶ 4, 86 P.3d 771 (citing *Milliner v. Elmer Fox & Co.*, 529 P.2d 806, 808 (Utah 1974)), *cert. denied*, 94

P.3d 929 (Utah 2004). Our refusal to do so is "based on the long-standing approach to statutory interpretation that prevents courts from creating a private right of action '[w]hen a statute makes certain acts unlawful *426 and provides criminal penalties for such acts, but does not specifically provide for a private right of action.'" *Puttuck v. Gendron*, 2008 UT App 362, ¶ 18, 199 P.3d 971 (alteration in original) (citation omitted). We see no reason to depart from this general rule here. We affirm the district court on alternative grounds and hold that there is currently no civil cause of action for extortion, and thus, there is no legal remedy. *Harvey v. Ute Indian Tribe of Uintah & Ouray Reservation*, 2017 UT 75, ¶ 73, 416 P.3d 401, 425–26, (2017).

Plaintiff has pointed to no other basis for his extortion claim and as it is not recognized in Utah, Plaintiff's extortion claim fails to state a claim upon which relief can be granted.

II. Plaintiff's claim for intentional inflection of emotional distress fails as a matter of law

Plaintiff next seeks relief for intentional infliction of emotional distress that allegedly arose from the "outrageous and intolerable conduct by Defendant Cohen and his co-conspirators." (ECF No. 1, p. 3.) Plaintiff has suffered "severe or extreme emotional distress" due to this conduct.

To establish a claim for intentional inflection of emotional distress, Plaintiff must allege conduct on the part of Defendant that is outrageous and intolerable to the extent that it offends societal standards of morality and decency. *See Sperber v. Galigher Ash Co.*, 747 P.2d 1025, 1028 (Utah 1987). "To be considered outrageous, the conduct must evoke outrage or revulsion; it must be more than unreasonable, unkind, or unfair." *Oman v. Davis Sch. Dist.*, 194 P.3d 956, 969 (Utah 2008). "[L]iability under the tort of intentional infliction of emotional distress ... may be found only where the conduct complained of has been so extreme in degree as to go beyond all possible bounds of decency, so as to be regarded as atrocious and utterly intolerable in a civilized society." *Id.* at 970 (second alteration in original) (citation omitted). "[I]t is for the court to determine, in the first instance, whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery." *Cabaness v. Thomas*, 232 P.3d 486, 499

(Utah 2010) (citation omitted). "However, '[w]here reasonable men may differ, it is for the jury, subject to the control of the court, to determine whether, in the particular case, the conduct has been sufficiently extreme and outrageous to result in liability.'" *Id.* (alteration in original) (citation omitted).

Here, Plaintiff has offered no details about the offending conduct. Instead, this is simply "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. As such, the claim fails to state a claim for which relief can be granted.

Because both of Plaintiff's claims fail as a matter of law, the undersigned does not consider Defendant's Motion to Dismiss for Lack of Personal Jurisdiction.

### III.     Plaintiff's motion to amend should be denied

Plaintiff moves to amend his Complaint. In support Plaintiff cites to Rule 15 and solely states "Plaintiff requires the amendment in order to clarify the factual basis of his claims." (ECF No. 13, p. 1.) Plaintiff offers no other basis to amend his Complaint nor any citations to legal authority. As a general practice, the "court will not consider … issues [or motions] adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation." *United States v. Wooten*, 377 F.3d 1134, 1145 (10th Cir. 2004). *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840–41 (10th Cir. 2005) (pro se appellant waives an issue when she fails to provide any supportive legal authority). Moreover, here Plaintiff's proposed First Amended Complaint seems little more than a tactic to avoid dismissal of his claim for intentional infliction of emotional distress. A tactic that still fails because even the First Amended Complaint offers little more than an unadorned the defendant harmed-me accusation. A motion to amend may be denied for showing futility of amendment. *See Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227,

230 (1962); *Castleglen, Inc. v. Resolution Trust Corp.*, 984 F.2d 1571, 1585 (10th Cir.1993). The proposed First Amended Complaint is futile and Plaintiff's motion should be denied.

## RECOMMENDATION

For the reasons stated above, the undersigned RECOMMENDS that the Motion to Dismiss under Rule 12(b)(6) be GRANTED and the Motion to Amend be DENIED. The Motion to Dismiss for Lack of Personal Jurisdiction may be deemed moot.

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within fourteen (14) days of being served with a copy, any party may serve and file written objections. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 1 November 2019.

_____
Dustin B. Pead
United States Magistrate Judge